IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA L. MEYER, | No. C 16-03010 WHA |
| Petitioner, | |
| v. | **ORDER OF DISMISSAL** |
| KAREN LITZENBERG, DEAN PERCY, GAYLENE WONG, SELVI STANISLAUS, ANNE STAUSBOLL, FIONA MA, and BETTY T. YEE, | |
| Respondents. | |

## INTRODUCTION

Petitioner, proceeding pro se, seeks injunctive relief pursuant to the All Writs Act against respondents in connection with deductions and levies on her retirement benefits. Three groups of respondents each move to dismiss. For the reasons that follow, all three motions to dismiss are **GRANTED**.

## STATEMENT

Petitioner Lorena L. Meyer, a former employee of the California Department of Mental Health facility at Napa State Hospital, previously prevailed against NSH before the State Personnel Board on claims of retaliation, wrongful demotion, and wrongful termination. The SPB decision, which was affirmed by the First District Court of Appeal, Division Three, in 2011, awarded petitioner salary, benefits, and interest (Dkt. No. 1 at 5). In 2012, petitioner filed a pro se civil rights lawsuit here alleging various constitutional claims against certain personnel

at NSH (*id.* at 6). That case came to the undersigned judge, but failed to allege sufficient facts giving rise to a cognizable claim for relief (Order dated May 11, 2012 in Case No. 12-00734).

Petitioner claims respondent Wong submitted a fraudulent declaration in the 2012 lawsuit in support of the defendants' motion to dismiss that case, and that NSH submitted fraudulent IRS Form W-2s for petitioner in 2011 and 2012. Petitioner alleges those documents were fraudulent because they inaccurately reflected the amount of money she received from NSH (Dkt. No. 1 at 5–9). She further alleges the California Public Employees' Retirement System ("CalPERS"), relying on the fraudulent documents, started deducting from her benefits in 2013, and the California Franchise Tax Board levied her bank account in April 2016 (*id.* at 3–4). This petition seeks to enjoin the CalPERS deductions and FTB levy and to compel respondents to pay petitioner the amount still allegedly owed her under the SPB's 2008 decision, as well as provide evidence of all amounts already paid to her.[1]

### ANALYSIS

**1. SUBJECT-MATTER JURISDICTION**

Respondents move to dismiss the petition pursuant to FRCP 12(b)(1), contending this Court lacks subject-matter jurisdiction. Subject-matter jurisdiction is a threshold issue, and must exist at the time the action is commenced. *E.g.*, *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and are presumed to lack jurisdiction unless the contrary affirmatively appears. *E.g.*, *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). As the party asserting jurisdiction, petitioner bears the burden of establishing it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

---

[1] Respondent Stausboll's request for judicial notice of a decision by the Office of Administrative Hearings for the State of California dated November 4, 2014, is unopposed and **GRANTED**. As that decision details, and as petitioner admits CalPERS explained to her in 2012 and 2013, CalPERS began deducting from petitioner's benefits as reimbursement for overpayment because, as a result of petitioner's victory before the SPB, her retirement date effectively changed from 2008 to 2011 and she collected both retirement benefits and backpay for a time (Dkt. No. 1 at 9; Stausboll's RJN, Exh. 1). Petitioner does not dispute these facts, but argues CalPERS should not have effected this change without her consent (Dkt. No. 1 at 9–10). Respondents' other requests for judicial notice not relied upon in this order are **DENIED AS MOOT**.

The All Writs Act provides, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. 1651(a). "As the text of the All Writs Act recognizes, a court's power to issue any form of relief . . . is contingent on that court's subject-matter jurisdiction over the case or controversy." *United States v. Denedo*, 556 U.S. 904, 911 (2009). The All Writs Act does not provide federal courts with an independent grant of subject-matter jurisdiction. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33 (2002).

Petitioner claims this Court has subject-matter jurisdiction under the All Writs Act because "a State Employer that previously employed Petitioner supplied fraudulent financial and income information to this Court on April 19, 2012" (Dkt. No. 1 at 3). This is a non-sequitur. Petitioner cites no authority and provides no legal basis for the proposition that the All Writs Act confers subject-matter jurisdiction upon the federal courts, regardless of what a state employer did or did not do. Respondents point this out in their motions to dismiss, and petitioner's only reply is a bald assertion that "Respondents and counsel are in the wrong for taking unfair advantage of her," so this district court "should have jurisdiction," citing vaguely to FRCP 60 (Dkt. No. 30 at 9–10).

FRCP 60 does not confer subject-matter jurisdiction. *In re Hunter*, 66 F.3d 1002, 1005 (9th Cir. 1995). Subject-matter jurisdiction of the district courts flows from statutes, not rules. *See Cary v. Curtis*, 44 U.S. 236, 245 (1845). Possibly, petitioner may be attempting to invoke FRCP 60(b)(3) to challenge the undersigned judge's prior order dismissing her 2012 lawsuit. A motion under FRCP 60(b)(3), however, must be made "no more than a year after the entry of the judgment or order or the date of the proceeding," according to FRCP 60(c)(1). The prior order was dated May 11, 2012. The time for challenging that order under FRCP 60(b)(3) has long since passed.

Moreover, insofar as petitioner seeks judicial intervention in the FTB's levying activities, this Court is jurisdictionally barred from considering her petition by the Tax Injunction Act, 28 U.S.C. 1341. The Tax Injunction Act provides, "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a

3

plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. 1341. Our court of appeals has recognized that this statute "embodies a strong federal policy of noninterference with state taxation and tax administration," and that "any efforts to obtain tax exemption or adjustment in federal court interferes with the fiscal operations of the state." *Dillon v. State of Mont.*, 634 F.2d 463, 465 (9th Cir. 1980). Such efforts, including requests of the sort petitioner makes here, are therefore "jurisdictionally barred" in federal courts so long as state courts provide a "plain, speedy and efficient remedy." *Ibid.*

The Supreme Court has deemed California's administrative and judicial procedures a "plain, speedy and efficient remedy" within the meaning of the Tax Injunction Act. *California v. Grace Brethren Church*, 457 U.S. 393, 413–14 (1982). Petitioner claims she made various attempts to communicate with respondents to resolve her financial problems, but did not seek administrative or judicial review or allege any reason why she could not do so (Dkt. No. 1 at 3, 9–12; Dkt. No. 20 at 9–11). Her petition to interfere with the FTB's levy is therefore barred by the Tax Injunction Act.

### 2. PETITIONER'S MISCELLANEOUS REQUESTS

In three separate filings (Dkt. Nos. 32, 48, and 51), petitioner further seeks to, among other things, disqualify Supervising Deputy Attorney General Courtney Lui, who represents respondents Litzenberg, Percy, Wong, and Stausboll. Petitioner cites to various ethical considerations that affect criminal prosecutions and claims "the prosecutor is supposed to be fair and impartial in civil cases and seek justice." Thus, she argues, Attorney Lui is responsible for ensuring the accuracy of respondent Wong's declaration, collecting backpay for petitioner, and investigating petitioner's claims against respondents (Dkt. No. 30 at 7–9). This argument is unavailing. The attorneys representing respondents are not prosecutors, and ethical considerations for prosecutors in criminal cases are inapplicable here. Moreover, this request was already considered and denied by Judge William Orrick on August 1, 2016 (Dkt. No. 26). Petitioner cannot circumvent that denial simply by repeating her request before a different judge. Her request for disqualification of counsel is **DENIED**.

4

Petitioner also requests pro bono counsel (Dkt. Nos. 49, 51).  As the undersigned judge previously explained in two separate orders in petitioner's 2012 lawsuit, "in a civil case, appointment of counsel is a privilege and not an absolute right" (Order dated Sept. 6, 2012 in Case No. 12-00734).  *See Mallard v. United States District Court*, 490 U.S. 296, 305 (1989).  As in the 2012 lawsuit, petitioner here has demonstrated she is indigent but fails to identify any exceptional circumstances sufficient to warrant appointment of pro bono counsel (*see* Dkt. No. 2).  Her request for pro bono counsel is therefore **DENIED**.[2]

Petitioner further requests an exemption from fees associated with using PACER (Dkt. Nos. 35, 51).  She says she cannot afford to pay the fees, which prevents her from electronically filing documents or timely viewing new developments in this case.  These activities do not require PACER and can be accomplished through the court's electronic filing system.  Petitioner is presumably familiar with that system, since she signed up for it in her 2012 lawsuit but subsequently obtained this Court's permission to return to manual filing and service because she had no computer (Order dated Sept. 6, 2012 in Case No. 12-00734).  Petitioner has not shown why she needs an exemption from PACER fees.  Her request for a fee exemption is therefore **DENIED**.

## CONCLUSION

For the reasons discussed above, this action is **DISMISSED**.  Leave to amend may not be sought because further amendment would be futile.  Petitioner's requests to disqualify opposing counsel, for appointment of pro bono counsel, and for an exemption from PACER fees are **DENIED**.

Judgment will follow.  The Clerk shall please **CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: October 13, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[2]  Petitioner's filings describe at length the various difficulties encountered by pro se litigants in the legal system, but challenges common to pro se litigation in general are, by definition, not exceptional circumstances unique to petitioner's case.

5