IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA L. MEYER,<br><br>  Petitioner,<br><br>  v.<br><br>KAREN LITZENBERG, *et al.*,<br><br>  Respondents.<br>_____ / | No. C 16-03010 WHA<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT** |

**INTRODUCTION**

Petitioner, proceeding pro se, moves for relief from judgment against her following dismissal of her petition for injunctive relief (Dkt. No. 54). Petitioner's motion is **DENIED**.

**STATEMENT**

Petitioner Lorena Meyer initiated these proceedings by bringing a "Petition for Court to Utilize Jurisdiction Pursuant to All Writs Act, 28 U.S.C. § 1651" — which she insisted was "not a lawsuit" (Dkt. No. 32) — to challenge deductions and levies on her retirement benefits (Dkt. No. 1). After full briefing and oral argument, the Court granted respondents' motions to dismiss for lack of subject-matter jurisdiction under the All Writs Act. And, in any case, the Tax Injunction Act barred the petition insofar as it sought judicial intervention in the California Franchise Tax Board's levying activities (Dkt. No. 54).

Petitioner then (twice) filed a document titled (Dkt. Nos. 63–64):[1]

> MOTION TO RELIEVE A PARTY FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING FOR ANY REASON, INCLUDING EXTRAORDINARY CIRCUMSTANCES AND ECONOMIC LOSSES SUFFERED BY PETITIONER THAT JUSTIFY RELIEF FROM THE OPERATION OF THE JUDGMENT, PURSUANT TO F.R.Civ.P., RULE 59(e) AND/OR RULE 60(b), and any other appropriate Rules and Laws.

Two groups of respondents filed oppositions (Dkt. Nos. 65–66), and petitioner filed a reply (Dkt. No. 67). Petitioner then (twice) filed another document titled (Dkt. Nos. 68–69):[2]

> AMENDMENT OF PLEADING AS A MATTER OF COURSE, OR WITH COURT'S LEAVE TO AMEND. (FRCivP, RULE 15)

Despite this title, the footer of the document identified it as "Petitioner's Amendment to Reply to Respondent's [*sic*] Opposition." Additionally, petitioner explained in the document that "after [she] rushed to get her reply finished and in the mail to the Court, she realized she made some errors in her reply that need to be corrected and/or amended and that is the purpose of this current particular document [she] is currently writing" (Dkt. No. 69 at 2).

Soon after, petitioner filed another document titled "REPLACEMENT," which stated (Dkt. No. 70) (emphasis added):

> Petitioner found Document #67 unintelligible when she retrieved a copy from PACER and it appears Document #67 was defaced when it was electronically scanned, copied, or otherwise entered into PACER by some other means. This has previously occurred and the Court may need to examine a legible copy of "Petitioner's Reply to Respondent's [*sic*] Oppositions," *even though Petitioner since mailed an [*sic*] Rule 15 Amendment to the Court to correct the described "PETITIONER'S REPLY TO THE RESPONDENTS' OPPOSITIONS," and other mistakes.*

Defendants then protested petitioner's multiple improper filings (Dkt. No. 71), and petitioner responded by filing yet another document titled (Dkt. No. 72):

---

[1] Petitioner explains she mailed the same motion twice "to ensure [it] is filed because it wasn't the last time she checked" (Dkt. No. 64). In light of this explanation, and since the two documents seem identical, this order references only the more recent filing (*ibid.*).

[2] Petitioner explains that she again filed the same document twice after her initial attempt did not appear quickly enough on the Court's docket (Dkt. No. 69). Again, in light of this explanation and the identical contents of the two filings, this order references only the more recent filing (*ibid.*).

REBUTTAL TO RESPONDENTS' OBJECTION TO PETITIONER'S AMENDMENT TO MOTION TO RELIEVE A PARTY FROM A FINAL JUDGMENT.

Notwithstanding petitioner's citation to Rule 15, and given the substantive contents of her many post-judgment filings, this order liberally construes said filings as supporting petitioner's motion for relief from judgment against her following dismissal of her petition. And, since petitioner seems to indicate docket number 69 is her strongest reply in support of her motion, this order construes docket numbers 64 and 69 as her operative motion and reply, respectively. The Court has also reviewed petitioner's other post-judgment filings, but nothing therein alters the outcome of this order.

## ANALYSIS

### 1. LEGAL STANDARDS.

Petitioner's motion is based on FRCP 59(e) and 60(b). "Under Rule 59(e), it is appropriate to alter or amend a judgment if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quotation omitted). This is "an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (same). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (same).

Under Rule 60(b), "the court may relieve a party . . . from a final judgment" for certain reasons, including "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," "fraud . . ., misrepresentation, or misconduct by an opposing party," or "any other reason that justifies relief." The last reason "is available only where extraordinary circumstances prevented a litigant from seeking earlier, more timely relief." *Johnson v. CFS II, Inc.*, 628 F. App'x 505, 505 (9th Cir. 2016) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)).

3

### 2.  PETITIONER'S ARGUMENTS.

Petitioner's motion identifies no "newly discovered evidence" or "intervening change in controlling law." Her briefing mostly attempts to "relitigate old matters" by rehashing previously rejected arguments. To the extent petitioner raises new arguments, they are arguments "that could have been raised prior to the entry of judgment." Petitioner identifies no other basis under Rule 59(e) for altering or amending the judgment against her. Thus, Rule 59(e) does not support her motion. *See Exxon*, 554 U.S. at 485 n.5.

Petitioner's alternative basis for this motion is Rule 60(b) — despite her repeated complaints that respondents and the Court "inaccurately" construed her prior citations to Rule 60 in general as relying on Rule 60(b) instead of Rule 60(d) (*see, e.g.*, Dkt. No. 64 at 6). Again, the motion identifies no "newly discovered evidence." Nor does it allege fraud, misrepresentation, or misconduct by any respondent *in this case*, or any other circumstance justifying relief from the judgment against her. Thus, Rule 60(b) does not support her motion.

It bears mentioning that petitioner seems to have abandoned her petition under the All Writs Act and now attempts to cure its deficiencies by recasting it as based on Rule 60(d) instead (*see, e.g.*, Dkt. No. 64 at 4, 69 at 3 (petitioner claims she "cited the All Writs Act to supplement the Court's inherent jurisdiction to conduct a Rule 60(d) investigate [*sic*] the fraud on the Court")). Rule 60(d), however, provides no better basis for this action. To be clear, and as stated in the previous order dismissing the petition, *no part of Rule 60 confers subject-matter jurisdiction* (*see* Dkt. No. 54 at 3). *See In re Hunter*, 66 F.3d 1002, 1005 (9th Cir. 1995). Moreover, unlike Rule 60(b)(3), which permits the Court to "relieve a party . . . from a final judgment, order, or *proceeding*" for "*fraud . . . by an opposing party*" (emphasis added), Rule 60(d)(3) only preserves the Court's power to "set aside a *judgment* for *fraud on the court*" (emphasis added) — a distinct species of fraud that must be shown by clear and convincing evidence and typically does not arise from "[m]ere nondisclosure of evidence," "perjury by a party or witness," or other mere fraud "connected with the presentation of a case to a court." *United States v. Estate of Stonehill*, 660 F.3d 415, 443–44 (9th Cir. 2011).

4

Petitioner could perhaps have invoked Rule 60(d)(3) to challenge the judgment in her *previous* lawsuit from 2012, based on "fraud on the court" that she claims a respondent committed *in that case* (*see, e.g.*, Dkt. No. 1 at 5–9). *See Meyer v. Matteucci*, No. 3:12-cv-00734-WHA. But she did not do so (and in no way does this order suggest that such a motion would have any merit). Instead, she filed a new petition asking this Court to "restrain the FTB from imposing any more levies on Petitioner's bank account, prohibit CalPERS from deducting any more money from Petitioner's retirement benefits payments, . . . mandate CalPERS to reimburse and refund all the money CalPERS deducted thus far from Petitioner's retirement, and mandate [Napa State Hospital] to verify [petitioner's] W2 forms" (Dkt. No. 1 at 3–4, 12–13). Rule 60(d) has no application to such requests for relief. Petitioner asserted this action — however she describes it (*see* Dkt. No. 32) — against respondents who were *not* parties to the 2012 lawsuit, and the gravamen of the action is an attempt to thwart deductions and levies imposed *after* the 2012 lawsuit ended. There is simply no way to salvage this petition by reconstructing it under the auspices of Rule 60(d).

## CONCLUSION

For the foregoing reasons, petitioner's motion is **DENIED**. Please, no further motions for reconsideration will be entertained. Petitioner's next recourse is to the Court of Appeals.

**IT IS SO ORDERED.**

Dated: December 30, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5